UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA L-N.,[1] <br> Plaintiff, <br> v. <br> ANDREW SAUL, <br> Commissioner of Social Security, <br> Defendant. | Case No. 5:19-cv-01567-AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action for review of the Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issue. The matter is now ready for decision.

**BACKGROUND**

On June 22, 2020, Plaintiff filed an application for disability insurance benefits, alleging disability beginning August 22, 2014. (Administrative Record

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

("AR") 17, 79, 184-85.) Her applications were denied initially and upon reconsideration. (AR 102-06, 108-14.) Thereafter, at Plaintiff's request, an Administrative Law Judge ("ALJ") conducted a hearing on August 21, 2018 – at which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. (AR 39-62.) On August 21, 2018, the ALJ issued a partially unfavorable decision finding that Plaintiff became "disabled" when she reached "Advanced Age" on May 16, 2018, but not disabled before then. (AR 17-31.) Plaintiff filed a request for review with the Appeals Council, which upheld the ALJ's decision on June 20, 2019 (AR 1-6), Plaintiff filed a complaint in this Court for review of the final decision of the Commissioner.

## DISPUTED ISSUE

Whether the ALJ erred in the RFC in finding that Plaintiff is limited to occasional balancing yet is also capable of standing/walking for 6 hours.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Under the substantial-evidence standard, this Court asks whether the administrative record contains sufficient evidence to support the Commissioner's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). As the Supreme Court observed in *Biestek*, "whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high." *Id*. It means "more than a mere scintilla" but less than a preponderance and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Where

evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

The ALJ found that Plaintiff had "severe" impairments, including obesity; degenerative disc disease of the cervical and lumbar spine with radiculopathy in the bilateral upper extremities and left lower extremity; bilateral carpal tunnel syndrome; bilateral cubital tunnel syndrome; bilateral supraspinatus tears; degenerative joint disease of the bilateral knees; depressive disorder; and anxiety disorder. (AR 19.) The also ALJ found that the Claimant retained the residual functional capacity ("RFC") to: "lift or carry twenty pounds occasionally and ten pounds frequently; *stand or walk or sit six hours each in an eight-hour workday*; must be able to *use a cane for ambulation outside the work area*; occasionally push or pull; *occasionally* climb, crawl, bend, kneel, and *balance;* never walk on uneven terrain; never climb ladders; never work at unprotected heights; frequently perform fine and gross manipulation bilaterally; limited to tasks with a reasoning level of three or less; and no direct interaction with the public." (AR 22 (emphasis added).)

Based on this RFC and the testimony of the VE, the ALJ found (i) jobs existed in significant numbers in the national economy that Plaintiff could have performed before May 16, 2018, specifically office helper, routine clerk, and inspector/hand packager; (ii) Plaintiff was not disabled before May 16, 2018; and (iii) Plaintiff became disabled as of May 16, 2018. (AR 30-31.)

In determining a claimant's RFC, an ALJ must consider all relevant evidence of record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see* 20 C.F.R. § 404.1527(b). Residual functional capacity ("RFC") represents "'the most' the claimant can do, despite any limitations." *Dominguez v. Colvin*, 808 F.3d 403, 405 (9th Cir. 2015), as amended (Feb. 5, 2016) (quoting 20 C.F.R. § 416.945(a)(1)). When assessing RFC, an ALJ must evaluate "on a function-by-function basis" how particular impairments affect a claimant's abilities to perform basic physical, mental,

or other work-related functions. SSR 96-8P at *1 (citing, in part, 20 C.F.R. § 416.945(b)-(d)). An ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of a claimant's subjective symptoms (i.e., pain), that may reasonably be attributed to a medically determinable impairment. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see* 20 C.F.R. § 416.945(a)(1). In addition, an ALJ must account for limitations caused by all of a claimant's medically determinable impairments, even those that are "not severe." SSR 96-8P at *5 (internal quotation marks omitted). An ALJ's RFC determination "must set out all the limitations and restrictions of the particular claimant." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

When assessing RFC, an ALJ must "translate" the broad categories of mental limitations identified at steps two and three into the detailed and "concrete" functional restrictions documented in the medical evidence which reflect the most the claimant can do despite such mental limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *Phillips v. Colvin*, 61 F. Supp. 3d 935, 940 (N.D Cal. 2014) ("The relevant inquiry is whether the medical evidence supports a particular RFC finding."); *cf. Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.") (citation omitted).

Here, Plaintiff argues that there is an internal inconsistency in the ALJ's RFC because it provides that Plaintiff can stand/walk six hours in an eight-hour day but also provides that she can perform only "occasional" balancing. According to Plaintiff, [t]his RFC assessment offers opposing limitations." (ECF No. 29 at 9.) Plaintiff argues that balancing is necessary for walking and standing and that occasional balancing means only up to one-third of an eight-hour day – thus, at most 2.67 hours in an eight-hour day. Plaintiff further argues that the ALJ failed to resolve an inconsistency in the VE's testimony on this issue and that there is not substantial evidence in the record to support an RFC with walking or standing more than 1/3 of

the day. For the reasons set forth below, the Court finds that Plaintiff's arguments are not well taken.

First, three consultative physicians (Drs. Karamlou, Arnold, and Scott) found that Plaintiff can walk and stand for six hours per day, while also opining to a limitation of occasional balancing. As noted by the ALJ, Dr. Karamlou further found that Plaintiff is walking with a cane "just for support on long distance ambulation." (ECF No. 21-3 at 63, citing AR 535.) The ALJ gave significant weight to the findings of these doctors (ECF No. 21-3 at 25-26, 28), a conclusion as to weighing which Plaintiff has not challenged.

Second, the medical evidence reflects relatively mild physical findings regarding Plaintiff's lower extremities and supports the RFC findings regarding standing/walking and balancing. In addition to three physician opinions referenced above, the following substantial evidence supports the RFC:

- August 2015 examination by Dr. David Downs showed no instability of knees, with x-rays showing tenderness and irritation of the patella fermoral joint but minimal degenerative changes and an MRI showing no small joint effusion with minimal degenerative changes. (AR 585, 596.)
- January 2016 evaluation by Dr. Daniel Capen reported that Plaintiff could ambulate without a cane but used one for balance, her toe and heel walk were intact, and an MRI for balance difficulties was normal. (AR 570-77.)
- February 10, 2016 consultation with Dr. T. Eric Yokoo concluded that Plaintiff walked with a normal gait and could walk on her heels and toes. It was also observed that Plaintiff had full strength in her lower extremities. (AR 553.)

That Plaintiff points to other evidence supporting greater walking/standing limitations does constitute a basis for a finding of error. *See Ford v. Saul*, 950 F.3d 1141, 1141 (9th Cir. 2020) (substantial evidence is deferential to ALJ's findings); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (If the evidence "is susceptible

to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Moreover, the RFC includes the limitation of "use a cane for ambulation outside the work area," thereby acknowledging the balancing concerns reflected in the record.

Third, the ALJ properly consulted with the VE. In response to hypothetical from the ALJ, the VE testified that based on the DOT, someone with Plaintiff's RFC could perform the jobs of office helper (239.567-010), routing clerk (222.687-022), and inspector/hand packager (559.687-074) – all of which are light work. (AR 56-57.) In response to a further question from the ALJ, the VE testified that – based on his research rather based on the DOT – those jobs could be performed by a person who uses a cane for ambulation outside the work area. (AR 59-60.) By this, the ALJ fulfilled her duty to ask the VE about any conflicts that might exist between the VE's testimony and the DOT. *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). The VE's experience is a sufficient foundation for her testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).[2]

For these reasons, the Court affirms the Commissioner's decision as free from legal error and supported by substantial evidence.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: 11/2/2020

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff attempts to infer a balancing requirement for these jobs, but as pointed out by the Commissioner, the DOT descriptions for the jobs do not require balancing. *See* 1991 WL 672133; 1991 WL 672232; 1991 WL 683797; *see also Bryant v. Colvin*, 2014 WL 1831016, at *3 (C.D. Cal. May 7, 2014) ("The DOT does not specify that packaging machine operator jobs require fast-paced or high-production work, so it is not apparent that the VE's testimony conflicts with the DOT on that point.").